My name is Dean Romhelt. I'm here on behalf of the Secretary of Labor, who's the plaintiff and the appellant in this case. With me at Council's table is Tyler McLeod from our Denver Solicitor's Office. Jani-King of Oklahoma is in the commercial cleaning business. It has developed and maintains a proprietary cleaning process. It advertises in markets for customers throughout the Oklahoma City area. It secures those customers, enters into customer contracts, enters into contracts with those customers, and is paid by those customers. It handles all the invoicing, billing, and administrative functions with respect to those customers. Jani-King needs labor to provide the cleaning services that it has agreed to or has promised to those customers. So what it does is it engages individuals to personally perform the manual labor, the actual cleaning work. Counsel, it seems to me that this case has broad implications. For example, I suppose a plumbing company could require anybody who works for it to incorporate and then treat all the employed plumbers or electricians, anybody in the trades, carpenters. I suppose pretty soon everybody would, if this case is affirmed, that everybody would incorporate and there'd be kind of no employer, no liability under the statute. But let me ask you this. Is this the first case of this type, or is there a pattern of this going on across the country? Give us the 30,000-foot view of the case. Well, I will do my best to do that. I mean, certainly with respect to Jani-King itself, there are multiple lawsuits throughout the country brought by private parties. This lawsuit reflects Jani-King of Oklahoma. Against this defendant? Well, no. Well, this lawsuit relates to Jani-King of Oklahoma. There are Jani-King entities throughout the country, and a number of those entities have been sued by private parties for FLSA or state wage and hour law claims. So there is that going on. Those are not in the record here, are they? No, and that's just sort of the 30,000 view, and ultimately they're not relevant to whether our amended complaint states a claim, that context. Well, they're relevant if in those cases the districts have already weighed in, or if they're at the stage of litigation where there have been some dispositive orders that would give us some insight, some instructive guidance as to what's going on at the court level in these cases. I'm not aware of any of those cases that has a dispositive order along the lines of the district court's dismissal here. The only case that I'm aware of involving one of these private cases that involves the same argument that was presented to the district court here was a case out of a federal district court in Texas which rejected that particular argument. But also, sort of to get back to the 30,000 level, obviously requiring workers to incorporate to perform the work is a trend that we do see in a lot of trades, that the department sees and investigates in a lot of trades around the country. I mean, ultimately the corporate structure or the relationship between Janie King of Oklahoma and its workers, how that's structured is in and of itself does not violate the FLSA. I mean, our focus here is on the specific nature of the relationship between the individuals. I'm happy to provide any context and insight that you like. But ultimately the focus here is on the individual's relationship with Janie King. That will ultimately determine whether they are employees or not under the FLSA. The district court here made the error of getting essentially distracted and improperly focusing on the presence of these corporate entities with respect to some of the individuals. And that's certainly the error that, in our view, the district court made. As Supreme Court cases from, we have the Goldberg v. Whitaker cooperative case, which makes very clear that an individual worker's status, in that case the workers were members of a cooperative, that doesn't preclude the workers from also being employees under the FLSA. Workers can own, a worker could own, be a shareholder, for example, and still be an employee. A worker could be a member of a cooperative and still be an employee. A worker can have a corporate entity voluntarily or involuntarily in place. That doesn't necessarily, that doesn't determine or certainly doesn't preclude at an initial stage of a litigation from, it doesn't preclude that worker from being, plausibly, an employee under the law. And the district court simply, you know, there was initial complaints in this case and the district court dismissed it for pretty much the same reason that was articulated in the dismissal of the amended complaint. And we did our best and we think, we more than sufficiently alleged that the focus here is the individuals. And whether they are employees or not. I'm sorry, I think I understand your argument and the way I understand the appellee's brief, I'm not sure they strongly disagree with you there, but I see them, and they may tell me otherwise, but I see them heading towards a different argument, a new basis to affirm, which we could certainly consider, which would be that essentially the complaint doesn't, isn't specific enough in that it doesn't allege which of these franchise owners are employees and which of them are not. Because you don't claim that they all are. All franchise owners are also individual employees. And essentially the complaint is too broad. I agree, first of all, with your initial statement that Jannie King does not seriously try to defend the district court's reasoning. And they note that in their response brief. I guess I would start with sort of one of the premises of your question, which is calling these individuals franchise owners. They very well may be franchisees and franchise owners, but discussing them in that term, in those terms, using those words and that terminology sort of misses the point of it's really not faithful to the FLSA itself. The definition of employee on the FLSA is limited to individuals. We all understand that we can only bring, you know, only individuals can be employees, and only individuals can benefit from an injunction against an employer to keep records. So sort of thinking about it in terms of franchise owners is certainly not the way that we would look at it, and I don't think that's faithful to the allegations that we've pled. But getting to the point about all, it's our view that all of the individuals who Jannie King engages to personally perform the manual labor on its behalf for its customers and its direction can plausibly be, we believe they are employees, but certainly at this stage can plausibly be employees under the FLSA. And there's nothing about the amendment complaints that in any way suggests otherwise. Now we've talked to many of these individuals during the course of our investigation. The secretary certainly has statutory authority to do that and has talked to many individuals. It hasn't talked to all of them, but if you look at the allegations in their totality, I mean this sort of jumps the gun a little bit because it sort of gets to the economic realities, and that's ultimately the analysis that a court would apply if the decision is reversed to determine whether the workers are employees or not. And just because, for example, we say in most instances they rely exclusively on Jannie King for their work, for their janitorial work, that in no way prevents the individual janitorial cleaners from being employees down the road. Ultimately the economic realities analysis, there are six factors that this court has set forth. No one factor is determinative. Often in these cases, as this court has noted, the factors point in both directions. Some factors may point towards employees, some factors may point towards independent contractors. And on re-applying that analysis, a court would have to consider the totality of the evidence that those factors deduce to see whether the totality of that evidence points in the direction of employee or independent contractor. And certainly a statement that, for example, in most instances they only rely exclusively, they don't reply, or in most instances they rely exclusively, a statement like that won't prevent these workers, these individual workers from being employees once that full analysis is applied. I mean, the court recently, in a case that was brought by the Secretary Acosta v. Paragon Contractors, applied an economic realities analysis to determine whether an individual was an employee or not. And in that case, for example, the control factor didn't indicate employee status, and the integral factor marginally indicated independent contractor status too, but ultimately it's the totality of the circumstances. And the district court didn't address the economic realities analysis, and Janie King has preserved that argument in case this court reverses. But we have more than sufficiently alleged that the economic realities indicate employee status. There's a high level of control, both with respect to the work performed,  and there's a high level of control over the economics of the relationship. The customers are Janie King's customers, they're assigned to the workers. Janie King handles all the payment structure, all the invoicing, the payment is made to Janie King. There's very little investment by the workers compared to the Janie King's investment. The structure of the relationship and the control leads to very little opportunity for profit or loss for the individual workers. And certainly the work is integral. I mean, they are actually the workforce, or the bulk of the workforce for Janie King. They are performing the very work that Janie King is in business to perform. Would you have to do that on, assuming we were to remit it, would you have to show that as to each individual franchise? Would you have to apply the economic realities test with respect to each potential worker? Well, I think, you know, I mean, with respect, there would be a group, certainly a group of individual workers, and yes, it would, I mean, I think this Court has a little bit of discretion how to deal with that on our remit, but certainly we believe that the group as a whole satisfies those economic realities. And certainly if there are, you know, clear, plain exceptions in that, the Court certainly has a discretion to decide that some workers are employees and some workers don't fall into that. I mean, we've had a case, for example, in the Sixth Circuit that's on appeal now, where district court, rightly or wrongly, decided that some of the workers were employees and some of the workers were independent contractors. And, you know, that's something that it did after a bench trial in the case. Is there anything within the facts of this case that allowed that type of decimation? That is, that some are and some are not? With respect to the individuals who personally perform the work, the manual labor, on Channing's behalf, we're not aware of any that's going to have sort of two classes down the road. And have you so alleged? Yes. And we've made clear that the workers are the people for whom we're seeking, who will benefit from an injunction if the injunction is granted are, you know, the individuals who personally perform that work. And as a group, you know, applying the totality of the circumstances, we believe that those circumstances will show that they are employees. If there are no further questions, I'd like to reserve a couple of minutes for rebuttal. Thank you. Good morning, Your Honors. May it please the Court. I'm Aaron Van Ort representing Jana King of Oklahoma. The real problem with the complaint is that the government admits that its factual allegations do not apply to all the franchise owners, but it never says who it alleges they apply to. As a result, Jana King doesn't have basic notice of who they're seeking relief for. They seem to be saying pretty clearly, right now they're saying all. All the workers, all the people doing, as they identify them, janitorial cleaners, as individuals who personally perform the janitorial cleaning work. I'm not sure why they don't have notice that that's who they're looking to. Yeah, I've heard their arguments as they've revised it through their briefs in response to this. Their complaint says something different, Your Honor. It has this very clear definition. Well, one of the problems we have here is we're now talking about a rationale that the district court did not dismiss based on. You seem to be conceding the district court erred in its rationale. To the extent that the district court believed that their definition of janitorial cleaners included corporate entities and they're seeking that, we agree that was an error. The government agrees that we have preserved the argument that I'm making before you. We don't have any issue of issue preservation here. Your Honor is right that you would be deciding this on a basis that the district court did not itself address. But you did assert. But it's preserved here and we've addressed it. The complaint, I think, is unambiguously clear in the definition of janitorial cleaners that the government is claiming that all owners are cleaners. They're defined term cleaners and all cleaners are employees. They don't say that, though. They say all individuals who perform janitorial cleaning work. That's who they're trying to get at. That's pretty clear in paragraph three of the amended complaint. We're looking at the same paragraph, but I guess I understand it differently. Let me tell you the way I understand it and then ultimately I'll explain why I don't think it matters to the outcome here. Paragraph three is the right one and it says that it defines workers as by selling franchises directly to individuals or sometimes indirectly to individuals through corporate entities owned by one or sometimes two individuals. All such individuals here and after referred to as cleaners. The all such individuals are all the owners. It goes on to say that they personally perform janitorial cleaning work, but I do not understand the government to actually allege that all owners do perform that work, because they admit otherwise. They admit that there are some who don't perform the work. They admit that in the footnotes of their reply brief, especially the lengthy footnote. I think it's footnote 12, though I may be wrong on that. And they also admit in their reply brief very specifically that there is some overlap and I think they say substantial overlap between the category of owners and who they allege as workers but not complete overlap. So I don't think Mr. Romhold is going to stand up and say that they're alleging that all owners are employees and that all owners perform work. I also don't think, although the government hasn't been very clear on this, that they're going to say performing any kind of work at all makes someone an employee. Because, for example, suppose there's an owner who is incorporated, owns a corporation, and they employ multiple employees and on one weekend the owner steps in because a worker can't show up to cover it. I don't understand the secretary to allege that that would make that person the owner and employee. Isn't that just part of the factual test that ultimately the district court is going to have to apply? You're right. This is a very fact-specific thing. We agree, I think all of the parties, that this is a totality of the circumstances test, that it's an economic realities. That makes pleading actual facts important at the complaint stage. The government acknowledges that they are bringing claims on behalf of individuals. They agree, and we agree, that they can only insist that records be kept if the individuals are employees. It therefore matters which people they allege are employees and which are not. Because if an owner is not an employee... Let me ask, why would they name a defendant if they claim, if they are willing to concede that a defendant is not an employee? It makes no sense, right? I agree that they should tell us who they're claiming are employees. They don't have to tell us who they aren't. If they leave them out, they're there. But the secretary acknowledges, this is page 15 of the reply brief, note 4, their ordinary practice is to list all the individuals that they're seeking relief on when the relief is specific to the individual. They claim that this case is an exception to that because they say it's an injunction. But this is not the kind of injunction that applies across the whole Janneking business. They acknowledge that the injunction will only apply to the people who are employees. So this is a situation like where they acknowledge where they should have listed who they're seeking relief for. You said that page 15 where? Note 4 in their reply brief. When the secretary seeks individualized relief for members of a group, the complaint usually identifies the employees whom his investigation has shown to be back wages. That's exactly right. They say back wages is individual. They claim this is not individual. But at the same time, they agree they can only get the relief for the people who ultimately are employees. So it is individual. There isn't going to be an injunction that says to Janneking, you have to keep records for all your owners, your franchisees. It's not going to say that. The injunction, if they get it, will say you have to keep records for the following people who are employees. And they aren't telling us who they're claiming are employees. Even though they did the investigation in this case, as they agree, they have express authority under Section 211A of the Labor Code to do the investigation, they're not like private plaintiffs who come in without the facts. They've got the facts. There's no excuse here for hiding the ball. And the case they point as the most directly on point case, it's not from this circuit. It's from the 11th Circuit. It's the lab case. It's another case brought by the Secretary of Labor. They say look to that to determine the rules for sufficient pleadings here. Guess what? In that case, the Secretary of Labor attached an appendix listing all the employees it claimed as entitled to relief. So here's our basic position, Your Honors. Rule 8 requires a short, plain statement supporting the claim. The amount of bite that has depends on context. This Court has said that repeatedly. And the more complex the claims, factually complex the claims, and the more actors that are involved, the more details you need to have to make sure the claims are stated on behalf of each actor. This Court's cases are most clear on that on the defense side and the qualified immunity. And it's repeatedly there. The government has said those cases don't apply here where there are multiple people on the plaintiff's side. They say those are distinguishable. That's wrong for two reasons. First, in this Court's Robbins case, it very specifically said that the same standard in evaluating dismissals and qualified immunity applies in cases generally. So there isn't some separate rule there that doesn't translate and apply here. That's page 1249 of the Robbins decision. The other thing is the case that we submitted as supplemental authority that's about a week old from this Court now. It is another case where individuals, children, were bringing Section 1983 claims, but there were multiple children attempting to state claims against multiple actors. And this Court said twice very, very clearly that in a multi-plaintiff situation, the complaint has to allege facts satisfying the elements of the claims for each plaintiff. Our view here is that they have to allege facts. Not in a class action, and this is not a class action. This is not a collective action either. There are collective actions on behalf of individual plaintiffs. And in there, they just have to allege their own facts. They're bringing individual claims. And then at the opt-in stage, there's a procedural safeguard where everybody who wants to opt-in has to raise their hand and say, yes, this applies to me too. What the government is trying to do is to get the effects of that without ever having any level of scrutiny over whether it's actually alleging that as to each person. Now, it's not a high standard when they allege it as to each person, but they've got to do it as to each person. And if they were willing in a correct pleading to say we allege these facts are universal as to all of these people, they wouldn't have to go one person at a time, John Smith, right? They could do that, but they've got to be able to be willing to do that. And the government meets a high standard of quality. I don't think they'd make the allegation unless they believed they could. What other case do you have besides the Robbins case? I'm just not really seeing how in a civil rights context with multiple defendants. And I understand what you're saying about the Matthews case, but here we have one plaintiff and we have Janneke as the defendant. And I guess assuming we don't think that the language you used there was something about the argument is that it might have greater bite, the pleading requirements, the notice requirements have greater bite in a case like that where we need to know what were the allegations against these individual defendants in this civil rights context. If that doesn't apply, what's your next best scenario as far as the notice pleading argument that you're making? I don't have other cases that are factually like this one from this court that are multi-plaintiff cases. I do have a number of cases from this court that apply this rule. The rule that context matters and you have to have greater specificity when you have more complex claims and more actors is repeated throughout this court's cases. It's in the SEC versus Shields case. It's in the colleague versus United Airlines case. It's there. The other one is that the basic statement of the rule is the complaint, and I'm quoting, must make, quote, make clear exactly who is to whom is entirely void. Well, but Jana King knows who the individuals are who personally perform janitorial cleaning work as designated by Jana King and who also either own a Jana King franchise or own a corporate entity that owns a Jana King franchise. That's the specifics. They have notice. I'm kind of struggling with why they don't have notice that that is the group that they're directed to right now. Factually, Your Honor, Jana King itself does not have notice which of its owners personally perform the work. It doesn't have records on that because that's not the structure. I mean, going back to the big picture for a moment, this is a business-to-business structure. It's part of the problem, though, that they're alleging is you don't have records. And there's no duty to do it as long as they're a business. But this is designed to be when a person buys a franchise, they get the right to use the trademarks in the business system. They are not personally obligated to perform the work. They're entitled to hire their own people. Jana King doesn't monitor who they hire, who they fire or any of that labor things. And so when the secretary alleges here that Jana King knows everybody that the government is going to claim personally performed work, the owners actually don't know all the details of which owners actually did the work and which hired people to do it. I mean, that's the thing. And to go back to Your Honor's question, bigger picture, this is not in the record. A number of these employment classifications have been brought against Jana King in different parts of the country under different laws. They have come out different ways based on the individual facts of those cases and the individual state law standards. So there's a case in Massachusetts, for example, that there is an intermediary ruling that there was an employment status. There's a case in California where we won the summary judgment saying there are independent contractors. And there are cases with either various government cases or others that are being litigated. So this is a live issue and it comes out, it's very fact specific. Which takes me back to our point here, that this is not a high standard for the government to meet. They just didn't meet it. And do you assert a reason why you claim that they didn't or suspect that they didn't? I don't know why they chose to do it. I know that as a matter of pleading, the government thinks it's better to go in as broad as it can because then it gives it flexibility. Whether that's the case here, I don't know. But here, the government is the most sophisticated litigant in the country. It has the most resources. It knows exactly what it's doing. It does not do things accidentally. It did a full investigation. It did a first complaint that failed. It came back with a general second complaint that failed. And now it's standing here and saying, you know, we've said enough. We told them generally what's going on. That's not the standard. They have to say who they're seeking relief for. And they haven't done it, and to your point, Your Honor, even if their complaint actually says what we're seeking relief on is all the owners who worked, I don't think that's what it says because of the way they define that. But even if it does, they still haven't told us who they think those people are. And as I've said, not all owners do perform work. And they have within their means the ability to list and tell us who they're seeking their claim for on this. They should meet that standard. My time has expired. I can answer further questions if you have any. I think your time has expired. Thank you. Thank you. Counsel, do you concede that there are, among the plaintiff class, some members who are pure owners of a franchise who marshal their employees to go out and perform services that have been contracted for by Janet King, and that there are others who are within the class that you're talking about, which is direct owner, who also happen to be the persons who provide the services directly? There may be very few franchisees who do that. They are not within the plaintiff class because we've identified, well, first of all, there's only one plaintiff. They're not within the class of individuals who we are seeking the relief for and the injunction to protect. Isn't this too broad a complaint when you have only one plaintiff trying to seek relief for a group of employees, some are within this class of pure franchise who don't do their own service, and there are others that do? I think, again, the class of people for whom we are seeking relief is all that matters. To the extent that there are people outside of the janitorial cleaners, as we've defined in an amended complaint, who have a different factual situation, they are outside. We can't be too broad if we're not seeking relief for those people. We've limited the scope on whose behalf we are seeking relief to individuals who personally perform the work. If there is a franchisee... That sounds more like a declaratory judgment action. Well, we are seeking injunctive relief, and one of the predicates of getting injunctive relief is that the workers for whom we are seeking injunctive relief must be employees under the statute. So declaratory declaration or not, we need that predicate finding. There are people out there, some of whom are franchisees who do their work, and there are others who don't, and we want relief for those who do. Again, we've defined the scope of people for whom we are seeking relief, and to the extent that there are people outside of that, that's great, but that's not the focus of our individual complaint. What's wrong with their suggestion that you simply attach a list of all of those people? I'm happy you asked me that question. The Labby case, which counsel referenced, for example, involved back wages, involved minimum pay, overtime violations. I take it that one's not in the record, so we're talking in the abstract here. Well, let me refer you to Section 16C, 29 U.S.C. 216C of the FLSA, and explain sort of how the FLSA works when we bring in a complaint. When we bring in a complaint under 16C for back wages, for minimum wage and overtime violations, we name the individuals for whom we are seeking that individualized relief. We do that not to meet any sort of pleading standard. We do that because no private party meets that pleading standard and those cases proceed. We do that because if we don't name the individuals in the complaint that we file on their behalf, the statute of limitations is not told. So 29 U.S.C. 216C doesn't require us in any way to name the individuals to meet any pleading standard, but if we want that statute of limitations to be told, we name the individuals. So we do that when we sue for back wages and overtime under 16C, and there were also record-keeping violations in the Labby case, but there were also back wages that were being sought. The panel has questions, but please respond briefly. Did I sufficiently respond? Okay. Thank you. I guess I didn't hear you answer. I thought he also was asking, do you have that information, and why don't you just amend your pleading to name those people at this stage? We've talked to many of the individuals. We certainly have many, many names. I dispute the notion that an injunction requiring them to keep records regarding a defined group of individuals is going to have to name each of those individuals. We do have many, many names. It's not necessary to meet any sort of pleading standard. Thank you. Thank you. Your Honor, if you have questions, I'll answer them, but if not, I think you understand our position. Thank you very much.